United States District Court
Southern District of Texas
**ENTERED**
February 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JAMES TODD LANDERS, § | |
| Petitioner, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:16-CV-173 |
| § | |
| LORIE DAVIS, Director, Texas Department § | |
| of Criminal Justice, Correctional Institutions § | |
| Division, § | |
| Respondent. § | |

# REPORT AND RECOMMENDATION

Petitioner James Todd Landers, a state prisoner proceeding pro se, initiated this action in April 2016 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) Petitioner pleaded guilty to the felony offense of tampering with oil or gas rigs. The trial judge sentenced Petitioner to ten years' imprisonment. He now seeks federal habeas corpus relief. Petitioner does not challenge his conviction, but rather he challenges the subsequent denial of parole and discretionary mandatory supervision. Pending is Respondent's motion for summary judgment. (Docket No. 9.) Respondent's principal argument is that the petition should be dismissed because Petitioner failed to raise any of his claims in a state habeas writ and thus they are unexhausted. Soon after Respondent moved for summary judgment, Petitioner was released from custody.

After carefully considering the pleadings and the applicable law, the undersigned concludes that the District Court lacks jurisdiction in this case due to Petitioner's release from custody. For the reasons discussed further below, the undersigned recommends that the District

Court deny Respondent's motion for summary judgment as unnecessary and dismiss this case as moot. It is further recommended that the District Court not issue a certificate of appealability.

### I. BACKGROUND

In 2012, Petitioner pleaded guilty in the 413th Judicial District Court of Johnson County, Texas to the felony offense of tampering with oil or gas rigs. TEX. NAT. RES. CODE § 85.389. The instant petition does not challenge Petitioner's conviction. The trial court sentenced Petitioner to ten years' imprisonment. The petition challenges the denial of Petitioner's parole and mandatory supervision.

The Texas Board of Pardons and Paroles denied Petitioner parole release on August 22, 2012, September 5, 2013, July 14, 2014, and May 27, 2015. On January 4, 2016, the Board denied Petitioner discretionary mandatory supervision. Petitioner argues that the Board's actions violated his rights under federal and state law. Petitioner did not challenge the denial of parole or mandatory supervision through the state appellate or habeas process.

Respondent moved for summary judgment on September 19, 2016. (Docket No. 9.) Respondent argues summary judgment is appropriate because the one-year limitations period found in the Anti-Terrorism and Effective Death Penalty Act of 1996 bars any challenge to Petitioner's 2012, 2013, and 2014 denials of release. Respondent also argues that all of Petitioner's claims are subject to dismissal because he did not exhaust available state court remedies. Petitioner has not filed a reply to the pending summary judgment motion. He was paroled on December 1, 2016, and released from custody.[1]

---

[1] The address on file for Petitioner is the TDCJ Vance Unit located in Richmond, Texas. Of course, due to his release from custody, Petitioner is no longer located at the Vance Unit. As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262,

## II. ANALYSIS

Petitioner's release from custody requires the court to examine whether it has jurisdiction over the subject matter of this action. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The United States Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id*. (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 472 U.S. at 477).

A habeas petitioner's challenge to the validity of a conviction satisfies the Article III case-or-controversy requirement because the incarceration, or the restrictions imposed by the terms of parole, constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. *See Spencer*, 523 U.S. at 7. By contrast, where a petitioner

---

1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4. Here, Petitioner has failed to provide an updated address to the Clerk as required by Local Rule 83.4, despite warnings from the Court that failure to do so may result in dismissal of his claims for want of prosecution. (Docket No. 4, at 2.) Because Petitioner failed to provide an updated address in compliance with Local Rule 83.4, this case may be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address). For the reasons discussed above, however, this case should be dismissed because it is now moot.

challenges only the administration of his sentence, and not his conviction, there is no presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once he has been released. *See Spencer*, 523 U.S. at 15 (citing *Lane v. Williams*, 455 U.S. 624, 633 ( (1982)).

As noted above, Petitioner does not challenge the validity of his underlying conviction in this case. Rather, he complains only that prison officials have erred in the administration of his sentence with regard to his eligibility for early release on parole or mandatory supervision. Because Petitioner has been released on parole, there is no longer anything for a court to remedy. In other words, he cannot show that an actionable controversy continues in this case. Absent a case or controversy, the District Court no longer has jurisdiction to consider Petitioner's claims. Therefore, his petition must be dismissed as moot.[2]

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's Petition for a Writ of Habeas Corpus be **DISMISSED** as moot and that Respondent's Motion for Summary Judgment (Docket No. 9) be **DENIED** as unnecessary. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### IV. CERTIFICATE OF APPEALABILITY

AEDPA bars appellate review of a habeas petition unless a district or circuit court certifies specific issues for appeal. *See* 28 U.S.C. § 2253(c); FED.R.APP.P. Rule 22(b). Even though Petitioner has not sought a Certificate of Appealability ("COA"), a court can consider the issue *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A court must

---

[2] In any event, Respond is correct that Petitioner's claims are entirely unexhausted and would be subject to dismissal for this reason as well. *See* 28 U.S.C. § 2254(b), (c).

address whether the circumstances justify an appeal before issuing a final judgment. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed as moot. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that the petition should be dismissed, nor are the issues presented adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a COA.

5

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on February 13, 2017.

_____
Peter E. Ormsby
United States Magistrate Judge